# UNITED STATES DISTRICT COURT                    O
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL CRAIG RUNNELS | § | |
| | § | |
| v. | § | C.A. NO. C-04-438 |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE– | § | |
| INSTITUTIONAL DIVISION | § | |

## ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

On February 16, 2005, the United States Magistrate Judge filed her Memorandum and Recommendation in this cause (D.E. 15).  Objections were timely filed (D.E. 17).  Having reviewed *de novo* the Magistrate Judge's memorandum and recommendation and the pleadings on file, this Court hereby adopts as its own the findings and conclusions of the Magistrate Judge.

Petitioner made the following claims in his habeas corpus petition: (1) his right to due process was violated when a "Security Precautionary Designator" ("SPD") was made part of his classification record without allowing him the chance to argue against it; (2) an amendment to the classification policy violated the Constitutional prohibition against *ex post facto* laws; and (3) he is being discriminated against based on his race.  The Magistrate Judge recommended that respondent's motion for summary judgment on

the due process and *ex post facto* claims be granted, and that the cause of action based on race discrimination be dismissed without prejudice.

Petitioner objects to the Memorandum and Recommendation on the grounds that his due process rights were in fact violated as his SPD classified him as being charged with "Escape" rather than "Attempted Escape."  The Fifth Circuit, however, has held that "an inmate has no protectable liberty interest in his classification."  *Wilkerson v. Stalder*,  329 F.3d 431, 436 (5th Cir. 2003).  Petitioner also objects on the grounds that the classification policy labeling offenders who pose security risks was applied to him retroactively in violation of the *ex post facto* clauses of the United States Constitution. Petitioner only claims that the retroactive provision affected his custodial classification. To assert a claim for an *ex post facto* violation, the new policy must retroactively alter the definition of a crime or increase the punishment for criminal acts.  *Collins v. Youngblood*, 110 S. Ct. 2715, 2719 (1990).

Accordingly, respondent's motion for summary judgment (D.E. 8) is GRANTED, petitioner's application for habeas corpus relief is DENIED, and petitioner's cause of action based on race discrimination is DISMISSED without prejudice.

ORDERED this 31st day of May, 2005.

HAYDEN HEAD
CHIEF JUDGE